

February 23, 2024

**VIA ECF**
Honorable Christine P. O'Hearn
United States District Judge
Mitchell H. Cohen Building & U.S. Courthouse, Room 1050
4th & Cooper Streets Camden, NJ 08102

RE:   *Healthcare Justice Coalition NJ, LLC v. UnitedHealth Group, inc., et al.*
      **Civil Action No.: 1:24-cv-00493-CPO-SAK**
      Response To Pre-Motion Letter – Motion to Dismiss Amended Complaint and to Strike

Dear Judge O'Hearn:

Plaintiff submits this pre-motion conference letter in opposition to Defendants UnitedHealth Group, Inc. ("UHG"), UnitedHealthcare Insurance Company, and UMR's (collectively, "Defendants") pre-motion conference letter ("Letter") dated February 16, 2024. The Letter fails to set forth valid grounds warranting dismissal under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) or warranting allegations to be struck under Fed. R. Civ. P. 12(f).

**I.     Motions To Strike Pleadings Are Highly Disfavored**

"As a general matter, motions to strike under Rule 12(f) are highly disfavored." Thompson v. Real Est. Mortg. Network, Inc., No. 11-1494, 2018 U.S. Dist. LEXIS 163670 at *2 (D.N.J. Sept. 24, 2018).  Motions to strike "will generally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." Garlanger v. Verbeke, 223 F.Supp.2d 596, 609 (D.N.J. 2002).  "[W]here the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." F.T.C. v. Hope Now Modifications, No. 09-1204, 2011 U.S. Dist. LEXIS 24657, at *1 (D.N.J. Mar. 10, 2011).

Defendants seek to strike nine paragraphs from Plaintiff's Amended Complaint on the basis that the allegations are misleading and "scandalous."  But each of the challenged paragraphs sets forth highly relevant allegations, including that Plaintiff partners with emergency physician practices to ensure they receive reasonable payment for providing lifesaving services; that Defendants routinely underpay for such services; that such underpayments negatively impact physicians' provision of emergency services, and that these physicians—and Plaintiff via assignment—have the right to pursue further payment.  Defendants' conclusory insistence to the contrary is not aided by their disparaging and irrelevant comment that Plaintiff is a "debt collector."  The allegations are valid.

**II.     The Amended Complaint Alleges Standing and Does Not Rely on Improper Group Pleading**

Next, Defendants make what appears to be a facial challenge to Plaintiff's standing to

NEW JERSEY | 591 Mantua Boulevard, Suite 200 | Sewell, NJ 08080 | Phone 856-232-1600 | Fax 856-232-1601
PENNSYLVANIA | 226 Walnut Street | Philadelphia, PA 19106

Doing Business Justice.®
lauletta.com

#343196v1

The, the Court must "accept [all] well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in [Plaintiff's] favor."  In re Horizon Healthcare Servs. Data Breach Litig., 846 F.3d 625, 632 (3d Cir. 2017).  Here, the Amended Complaint properly alleges that that Defendants underpaid emergency physicians for these services, and that those physicians sold those claims to Plaintiff, and in so doing assigned the right to sue to recover on any underpayments.  Nothing further is required.

Defendants rely on inapplicable case law.  See Demaria v. Horizon Healthcare Servs., Inc., No. 2:11-cv-7298, 2012 U.S. Dist. LEXIS 161241, at *2 (Nov. 9, 2012) (concerning written assignments of ERISA benefits); see also UD Tech. Corp. v. Phenomenex, Inc., No. 05-0842, 2012 U.S. Dist. LEXIS 642, at *7 (D. Del. Jan. 4, 2007) (discussing standing to sue for patent infringement).  Plaintiff does not bring any derivative cause of action for ERISA benefits, much less one for patent infringement. Thus, in situations as here, "New Jersey's statutory and case law favoring assignments," including "common-law assignment principles," permit assignees to assert all the rights possessed by the assignor.  Inv'rs Bank v. Torres, 243 N.J. 25, 29 (2020) (holding that assignee of bank had right to collect on unpaid mortgage debt); accord Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 286 (2008) (holding that assignee "has standing to assert the injury in fact suffered by [an] assignor").

Nor has Plaintiff engaged in improper group pleading. The Amended Complaint states that a full list of all claims will be provided to Defendants upon request, subject to the entry of an appropriate Protective Order by the court to safeguard against the unnecessary disclosure of PHI. (Amended Complaint, ¶ 33.)  Defendants have had Plaintiff's draft protective order for over a month, but still have not agreed to abide by such an order.

### III.    The HCAPPA Claim Does Not Fail as a Matter of Law

"New Jersey's Appellate Division recently recognized that whether [HCAPPA] create[s] an implied private right of action, or whether enforcement authority rests solely with the Department of Banking and Insurance, has not yet been definitively decided."  Brainbuilders, LLC v. Aetna Life Ins. Co., No. 17-03626, 2024 U.S. Dist. LEXIS 17362, at *36 (D.N.J. Jan. 31, 2024) (citing Marc S. Menkowitz MD LLC v. Horizon Blue Cross Blue Shield of New Jersey, 2023 N.J. Super. Unpub. LEXIS 1463, at *3 (N.J. Super. Ct. App. Div. Aug. 24, 2023)).  Defendants attempt to refute this clear holding and argue that the HCAPPA does not provide a private right of action as a matter of law by citing to two federal district court cases.  However, "[a] decision of a federal district court judge is not binding precedent in either a different district, the same judicial district, or even upon the same [district] judge in a different case."  Daubert v. NRA Grp., LLC, 861 F.3d 382, 395 (3d Cir. 2017).  Plaintiff's HCAPPA cause of action may proceed.

### IV.    Plaintiff Properly Alleges a Quantum Meruit Claim

"To recover under a theory of quantum meruit, a plaintiff must establish: "(1) the performance of services in good faith, (2) the acceptance of services by the person whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services.'"  Starkey v. Estate of Nicolaysen, 172 N.J. 60, 68 (N.J. 2002).  In quantum meruit, the

#343196v1

February 23, 2024
Page 3 of 3

focus is on the provision of services, as opposed to unjust enrichment, which focuses on the conferring of a benefit.  Id.

Moreover, an explicit acceptance is not required in the context of emergency services. The Complaint's cause of action for quantum meruit relies upon Section 114 of the Restatement of Restitution, which states that he has "performed the duty of another by supplying a third person with necessaries, although acting without the other's knowledge or consent, is entitled to restitution from the other therefor if [¶] (a) he acted unofficiously and with intent to charge therefor, and [¶] (b) the things or services supplied were immediately necessary to prevent serious bodily harm to or suffering by such person." (Am. Compl. ¶ 37.)  Courts across the country have allowed quantum meruit claims for emergency care based on these principles from the Restatement. See Bell v. Blue Cross of Cal., 131 Cal.App.4th 211, 221 (Cal. Ct. App. 2005) (relying on Restatement (First) Section 114); Prime Healthcare Servs. v. CIGNA Health & Life Ins. Co., 2024 U.S. Dist. LEXIS 16785, at *11–12 (D. R.I. Jan. 31, 2024) (relying upon Restatement (Third) of Restitution Section 22, the successor to Section 114); cf. Bellucci v. Dunn, No. NNH CV21-6117238 S, 2023 Conn. Super. LEXIS 2600, at *8 (Super. Ct. Oct. 30, 2023) (relying upon Section 22 as basis for related but distinct cause of action for unjust enrichment).  All the elements required by the Restatement are properly alleged here. (Am. Compl. ¶¶ 36–39). Defendants' focus on whether they "accepted" any "benefit" therefore misses the mark.

## V.     Plaintiff Properly Alleges an Implied Contract Claim

"An implied-in-fact contract is a true contract arising from mutual agreement and intent to promise . . . ." Matter of Penn Cent. Transp. Co., 831 F.2d 1221, 1228 (3d Cir. 1987).  "[I]mplied-in-fact contracts may have missing essential terms."  Leslie v. Quest Diagnostics, Inc., No. 17-1590, 2019 U.S. Dist. LEXIS 164190, at *14 (D.N.J. Sept. 25, 2019).  "When parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court." Id.  (quoting Restatement (Second) of Contracts § 204 (1981)).  Here, the Amended Complaint alleges that the physicians and Defendants entered into a mutual agreement to provide and pay for emergency services against the backdrop of relevant federal and state laws, as well as Defendants' representations to its members that it would cover such services. (Amended Complaint, ¶¶ 43, 48–51.)  The only missing term is the price for the services, which Plaintiff contends is the reasonable value of the services, which may be supplied by the finder of fact.

Respectfully submitted,


/s/ Dante B. Parenti
Dante B. Parenti, Esq.
Lauletta Birnbaum, LLC

#343196v1