UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HEALTHCARE JUSTICE COALITION NJ, LLC, | Case No. 24–cv–00493–ESK–SAK |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| UNITEDHEALTH GROUP, INC., *et al.*, | |
| Defendants. | |

**THIS MATTER** having come before the Court on plaintiff Healthcare Justice Coalition NJ, LLC's (HJC-NJ) motion to remand (Motion to Remand) (ECF No. 100 (Mov. Br.)); and defendants UnitedHealth Group Inc., UnitedHealthcare Insurance Company, Oxford Health Plans (NJ), Inc., and UMR, Inc. having filed an opposition to the Motion to Remand (ECF No. 103 (Redacted Opp'n Br.); ECF No. 106 (Sealed Opp'n Br.)); and HJC-NJ having filed a reply in further support of the Motion to Remand (ECF Nos. 111 (Redacted Reply Br.))[1]; and the Court finding,

1. HJC-NJ commenced this action on December 29, 2023 by filing a complaint, which was amended on January 3, 2024, in the Superior Court of New Jersey. (ECF No. 1 (Notice of Removal) ¶12; ECF No. 1–1 pp. 3–37.)[2] UnitedHealth Group Inc., UnitedHealthcare Insurance Company, and UMR, Inc. (collectively, Removing Defendants) removed this action to this Court on January 26, 2024 (Removal). (Notice of Removal.)[3] The Removal alleges that

---

[1] On March 24, 2025, I granted HJC-NJ's motion to seal its reply to the Motion to Remand. (ECF No. 115.) But the sealed reply includes redactions and no unredacted version is available on the docket for the Court's review. (Redacted Reply Br.)

[2] Because I write for the parties who are intimately familiar with this action, I do not provide a background of the facts.

[3] Oxford Health Plans (NJ), Inc. did not join in the Removing Defendants' removal of this action because it had not yet been served. (Notice of Removal ¶17.)

this Court has both federal question and diversity jurisdiction. (*See generally id.*) As to federal question jurisdiction, the Removing Defendants argue that the federal Emergency Medical Treatment and Active Labor Act, the Employee Retirement Income Security Act (ERISA), and the No Surprises Act are implicated by HJC-NJ's claims. (*Id.* ¶¶ 30–41.) As to diversity jurisdiction, the Removing Defendants assert that they are citizens of Connecticut, Delaware, and Minnesota. (*Id.* ¶¶ 8, 9, 11.) They relied upon HJC-NJ's original certificate of formation, dated November 15, 2023, to determine at the time of Removal that because HJC-NJ's sole member was Evin Levin, a citizen of New York, diversity of citizenship exists. (*Id.* ¶¶ 1–4.) The amount in controversy is alleged to be satisfied. (*Id.* ¶¶ 27, 28.)

2. On February 6, 2024, HJC-NJ requested leave to file a motion to remand. (ECF No. 6 (Pl.'s Req.).) HJC-NJ noted in its request that the Removing Defendants' reliance upon its original certificate of formation was misplaced, and Healthcare Justice Coalition DE Corp. (HJC-DE), not Levin, is its sole member. (*Id.*) Since HJC-DE, like UnitedHealth Group Inc. and UMR, Inc., is a citizen of Delaware,[4] and no federal statute is implicated, HJC-NJ argued that this Court lacks jurisdiction over this action. (*Id.*) On February 14, 2024, the Removing Defendants opposed HJC-NJ's request and argued that HJC-NJ's allegations "conflict with public filings" and "lack a factual and legal foundation." (ECF No. 9.) The Removing Defendants highlighted that as of the date of their opposition to HJC-NJ's request, HJC-NJ's original certificate of formation still listed Levin as its sole member and that no evidence supported its allegation that HJC-DE is its sole member. (*Id.*) On February 16, 2024, the Removing Defendants requested leave to file a motion to dismiss (ECF No. 10), which HJC-NJ opposed on February 23, 2024 (ECF No. 12). Pending review of the parties' requests for leave to file motions, HJC-NJ filed a motion to remand on March 8, 2024, which was administratively terminated. (ECF Nos. 15, 16.)

3. Consistent with the discussion at the March 25, 2024 conference (*see* ECF Nos. 18, 19)[5], the Removing Defendants filed a letter addressed to HJC-

---

Oxford Health Plans (NJ), Inc. filed its own notice of removal on August 29, 2024. (ECF No. 59 (Second Notice of Removal).)

[4] Since "[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business," HJC-DE is also a citizen of New York. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

[5] Judge Christine P. O'Hearn presided over this action before it was reassigned to me on March 28, 2024. (ECF No. 20.)

NJ on April 1, 2024, requesting documents and information necessary to assess diversity jurisdiction (ECF No. 21). On April 8, 2024, HJC-NJ responded to the Removing Defendants' letter (ECF No. 28), and on April 14, 2024, the Removing Defendants provided the Court with the relevant documents HJC-NJ produced. (ECF No. 30.) On April 24, 2024, I held a conference with the parties and ordered targeted discovery. (ECF No. 36.)

4. On September 25, 2024, HJC-NJ renewed its request to file a motion to remand (ECF No. 69 (Pl.'s Renewed Req.)), which I granted (ECF No. 76). After targeted discovery concluded on December 27, 2024 (*see* ECF Nos. 89, 94, 96), the Motion to Remand was filed on February 3, 2025 (Mov. Br.). On June 17, 2025, defendants filed a motion for leave to file supplemental information in further support of their opposition to the Motion to Remand (Motion for Leave) (ECF No. 120). HJC-NJ filed an opposition to the Motion for Leave (ECF No. 121), in response to which defendants filed a reply in further support of the Motion for Leave (ECF No. 122). On March 3, 2025, defendants submitted additional supplemental information in further support of their opposition to the Motion to Remand (ECF No. 126). HJC-NJ opposed defendants' submission of additional supplemental information. (ECF No. 127.)

5. I begin by addressing whether complete diversity existed at the time of Removal. Federal courts are courts of limited jurisdiction, and the party invoking jurisdiction bears the burden of establishing it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When jurisdiction is properly invoked, a federal court has a "virtually unflagging obligation" to exercise it. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Diversity is determined as of the time of removal. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004). A post-removal change in a party's citizenship does not affect jurisdiction. *Id.*

6. Because HJC-NJ is a limited liability corporation, its citizenship is determined by the citizenship of each of its members. *Zambelli*, 592 F.3d at 419. Between November 15, 2023, the date of HJC-NJ's formation, and Removal, no written operating agreement was in place. (*See* ECF No. 100–1 (Listman Decl.) ¶¶ 8–11.) Instead, only a certificate of formation, which HJC-NJ indicates incorrectly identified Levin as its sole member, was publicly available. (ECF No. 1–6 p. 2; Mov. Br. p. 42; Redacted Reply Br. p. 13.) On February 23, 2024, nearly one month after Removal, Eliot Listman, HJC-NJ's president and chief executive officer, executed a written operating agreement identifying Healthcare Justice Coalition, LLC (HJC) as HJC-NJ's sole member. (Listman Decl. ¶ 9; Listman Decl., Ex. A pp. 8–11 (Operating Agreement).) On the same day, Listman also executed a contribution agreement and amended

operating agreement that memorialized the alleged December 27, 2023 oral transfer of HJC-NJ's entire membership from HJC to HJC-DE. (Lisman Decl. ¶¶ 6, 10, 11; Listman Decl., Ex. B pp. 13–17 (Contribution Agreement); Listman Decl., Ex. C pp. 19–22 (Amended Operating Agreement).) The operating agreement was made retroactively effective to November 15, 2023, and the contribution agreement and amended operating agreement (collectively, with operating agreement, Corporate Documents) were made retroactively effective to December 27, 2023. (Listman Decl. ¶¶ 9–11; Operating Agreement; Contribution Agreement; Amended Operating Agreement.) On April 5, 2024, HJC-NJ filed an amended certificate of formation, replacing Levin with HJC-DE as HJC-NJ's sole owner and member. (Redacted Opp'n Br. p. 15; Listman Decl., Ex. D pp. 24.) Although the Corporate Documents and amended certificate of formation post-date the Removal (Notice of Removal) and HJC-NJ's initial request for leave to file a motion to remand (Pl.'s Req.), HJC-NJ alleges that since this action commenced, HJC-DE is its sole member, and it is a citizen of Delaware (Mov. Br. p. 18).

7. The record does not support HJC-NJ's position. While ownership interests may occasionally be proven by testimony, courts must exercise caution when confronted with undocumented, self-serving assertions that contradict formal corporate filings. *See Doeblers' Pennsylvania Hybrids, Inc. v. Doebler*, 442 F.3d 812, 822 (3d Cir. 2006) (noting that to prevent reliance on self-serving statements, "courts must be cautious in scenarios that do not involve clear written documents of assignment"); *Cobra Enters., LLC v. All Phase Servs., Inc.*, No. 20–04750, 2023 WL 3916276 (D.N.J. June 9, 2023) (declining to take the affiant at his word about an oral assignment that was only supported by bare bones assertions and lacked evidence).

8. Here, the only evidence of a transfer prior to Removal is Listman's testimony. (*See generally* ECF No. 106–3.) There are no witnesses to the alleged oral transfer, no contemporaneous writing, and no amended certificate of formation filed prior to Removal. Until February 23, 2024, no Corporate Document reflecting anyone but Levin as HJC-NJ's sole member existed. While HJC-NJ claims it "repeatedly informed [d]efendants that … Levin was *never* a member and that the listing of … Levin on … [the] original [c]ertificate of [f]ormation was inadvertent," HJC-NJ fails to produce any evidence establishing that the Removing Defendants were advised of such prior to Removal. (Mov. Br. p. 42; Redacted Reply Br. p. 13.)[6] Thus, Listman's

---

[6] In support of its initial motion to remand, HJC-NJ submitted a declaration from Jacob Selsman. (ECF No. 15–3.) The Selsman declaration merely states that although Levin formed HJC-NJ, "Levin was not its sole member." (*Id.* ¶¶ 3, 4.)

testimony that HJC-NJ's membership was orally transferred to HJC-DE prior to Removal is insufficient to overcome the Removing Defendants' reliance on the original certificate of formation. *See* N.J. Rev. Stat. § 42:2C–13(d) (providing that if a conflict exists between the operating agreement and the record filed with the state, "the operating agreement prevails as to members, dissociated members, transferees, and managers," while "the record prevails as to other persons to the extent they reasonably rely on the record").

9.  Defendants note *in arguendo* that the operating agreement required that any amendment be made only with written consent of HJC-NJ's member. (Redacted Opp'n Br. pp. 25, 26; Operating Agreement p. 10.)  The operating agreement identified HJC as HJC-NJ's sole member, yet HJC-NJ neither indicated nor produced evidence of HJC's written consent of the transfer of its interest.  (Redacted Opp'n Br. pp. 25, 26; *see* Operating Agreement p. 10.) Indeed, the Corporate Documents were executed on the same day, merely minutes apart. (Redacted Opp'n Br. p. 24 n.11.)  Without conceding its position that Levin was HJC-NJ's sole member at the time of Removal, defendants argue that pursuant to the Corporate Documents, the transfer is void and HJC is HJC-NJ's sole member.  (Redacted Opp'n Br. pp. 25, 26.) HJC is a limited liability corporation, that is a citizen of California, New York, and the U.S. Virgin Islands.  (Sealed Opp'n Br. p. 11.)[7]  Assuming HJC was HJC-NJ's sole member at the time of Removal, diversity is still satisfied.

10.  HJC-NJ argues that the forum defendant rule prevents me from exercising diversity jurisdiction (Mov. Br. pp. 17, 18), but I find the rule inapplicable.  42 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought."  HJC-NJ argues that because Oxford Health Plans (NJ) Inc. is a New Jersey citizen, Removal is improper and diversity is destroyed. (Mov. Br. pp. 17, 18.)  The forum defendant rule applies "only when the defendant has been properly joined and served."  *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).  Since Oxford Health Plans (NJ) Inc. had not been served at the time of Removal, I need not consider its citizenship to assess whether diversity exists.  *See Poznanovich v. AstraZeneca Pharms. LP*, No. 11–4001, 2011 WL 6180026 (D.N.J. Dec. 12, 2011).  Furthermore, "a party

---

[7] HJC's sole member is eCure, LLC.  (Listman Decl. ¶ 4.)  "Absent a legitimate privacy interest, the name of each member of the LLC must be disclosed."  *Smith v. Westminster Mgmt., LLC,* No. 17-03282, 2018 WL 572867, at *24 (D. Md. Jan. 26, 2018).  While no privacy interest exists and the names of eCure, LLC's members have not been disclosed, defendants provided eCure's members' citizenships under seal. (Sealed Opp'n Br. p. 11; ECF No. 105.)

raising the forum defendant rule to justify a remand must move to remand the action [30] days after the defendant removed the action to federal court." *Verdone v. Rice & Rice, PC*, 724 F. Supp. 3d 366, 384 (D.N.J. 2024); 28 U.S.C. § 1447(c). Pursuant to the Court's procedure, HJC-NJ requested leave to file a motion to remand within 30 days of Removal. (Pl.'s Req.) But, the request did not raise the forum defendant rule as a basis for remand. (*Id.*) While HJC-NJ did raise this issue in its renewed request to remand (Pl.'s Renewed Req.) after Oxford Health Plans (NJ) Inc. also filed a notice of removal (Second Notice of Removal), I am not concerned with the subsequent notice of removal.

11. Having found that diversity jurisdiction exists, I decline to address HJC-NJ's arguments pertaining to federal question jurisdiction and ERISA preemption.[8]

Accordingly,

**IT IS** on this  **27th** day of **March 2026**  **ORDERED** that:

1. The Motion to Remand (ECF No. 100) is **DENIED**.

2. The Motion for Leave (ECF No. 120) is **DENIED as moot.**

3. The Clerk of the Court shall terminate ECF No. 100 and ECF No. 120.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

---

[8] To the extent the parties raise ERISA preemption arguments in the Motion to Remand, I need not address those issues at this time. Those issues would be better suited under a Federal Rule of Civil Procedure 12(b)(6) motion.